To: Randy Miller Executive Director Department of Revenue
QUESTION:
Pursuant to s. 121.052, F.S., as amended by s. 7, ch. 86-180, Laws of Florida, are the contributions and interest to be paid to the Florida Retirement System Trust Fund for the purchase of additional retirement credit to be paid by the "county employer" for a property appraiser or tax collector appropriately placed as an item in the respective officer's budget or should the contributions and interest be paid by the board of county commissioners?
SUMMARY:
Until judicially or legislatively determined otherwise, the contributions and interest to be paid to the Florida Retirement System for the purchase of additional retirement credit to be paid by a "county employer" for a property appraiser or tax collector pursuant to s. 121.052, F.S., as amended by s. 7, ch. 86-180, Laws of Florida, are appropriately placed as an item in the budget of the office of the tax collector or the office of the property appraiser.
As your letter points out, pursuant to s. 195.087(1)(a), F.S., the Department of Revenue is responsible for reviewing and amending or changing the budget of a county property appraiser to determine that the budget is neither inadequate nor excessive. The department is also authorized by s. 195.087(2), F.S., to examine and certify or return for revision and resubmission the county tax collector's budget. In light of these responsibilities of the department, you have requested this opinion.
Chapter 121, F.S., the "Florida Retirement System Act," is a general law which is uniformly applicable throughout the state to public officials, including county officers and employees. See AGO 78-159. And see s. 121.051, F.S., making participation in the Florida Retirement System compulsory as to all officers and employees (with specific exceptions) employed on or after December 1, 1970; and s. 121.021(11), F.S., defining "officer or employee" to mean in pertinent part, any person who receives salary payments for work performed in a regularly established position. See also AGO 76-157 which states that the prohibition against providing additional compensation for county officials designated in ch. 145, F.S. (Compensation of County Officers) applies only to special laws or general laws of local application (population acts) and does not prevent the Legislature from providing additional compensation to county officials designated in ch. 145, F.S. The inclusion of certain elected state officers within a separate class of members authorized to participate in the Florida Retirement System is set forth in s. 121.052, F.S., and this membership class is designated the "Elected State Officers' Class." See s. 121.052(1)(a), F.S. Section 121.052(1)(g), F.S., as amended by s. 8, ch. 86-180, Laws of Florida, states that participation in the Elected State Officers' Class shall be optional for any constitutional county elected officer, including any tax collector or property appraiser. Pursuant to s.121.052(1)(d)4., F.S., as amended by s. 7, ch. 86-180, Laws of Florida, an elected county officer as specified in s.121.052(1)(g), F.S., supra, may purchase at his or her own expense "or as provided in subparagraph 6. if he is an elected county officer," additional retirement credit in the Elected State Officers' Class. And see s. 1(d), Art. VIII, State Const., providing that the electors of each county shall elect for fouryear terms, a tax collector and a property appraiser, among others. Section 121.052(1)(d)6., was created by s. 7, ch. 86-180, Laws of Florida, and provides as follows:
 An elected county officer who declares his intention to purchase additional retirement credit in the Elected State Officers' Class pursuant to this paragraph from October 1, 1986, through December 31, 1987, need only pay one-half the contributions and interest due the Florida Retirement System Trust Fund if an equal amount is paid by the county employer or district school board employer, as appropriate. A county or district school board may not pay such contributions and interest with respect to any elected county officer who declares his intention to purchase such retirement credit after December 31, 1987. To declare his intentions, the officer shall pay during the above specified dates a sum of not less than $1,000 to the system trust fund with the remainder, plus interest as required, due prior to retirement. (Emphasis supplied.)
The term "employer" is defined in s. 121.021(10), F.S., to mean, for purposes of that chapter, "any county agency, branch, department, board. . . ." Thus, the term "county employer" as used in s. 121.052(1), F.S., would appear to include the tax collector's and property appraiser's offices as departments or agencies of the county. See AGO 78-159 concluding that the office of the clerk of circuit court was included within the term "employer" as used in this chapter. While it is clear that, as discussed in AGO 78-159, the clerk of circuit court is a county officer as are the tax collector and the property appraiser (see, e.g., s. 1(d), Art. VIII, State Const.; ch. 145, F.S.) for purposes of s. 121.052, F.S., the term "employer" (as it is defined in s. 121.021(10), F.S.), includes "any county agency, branch, [or] department. . . ." This office concluded in AGO 78-159 that the clerk as an "employer" should budget for the retirement and social security contributions required by ch. 121, and, when required, pay over such contributions to the Division of Retirement, Department of Administration. Similarly, the offices of the tax collector and of the property appraiser would appear to come within the scope of the term "employer" as s. 121.021(10), F.S., defines that term. While the second sentence of s. 121.052(1)(d)6., F.S., refers to contributions made by a "county" it would appear that this provision merely qualifies and restricts the application of the first sentence thereof, regarding payment of contributions and interest due the Florida Retirement System Trust Fund by the county employer, i.e., in this case, the office of the property appraiser or tax collector.
Section 121.061, F.S., makes provision for funding retirement and social security benefits to or on behalf of participating members of the Florida Retirement System. Section 121.061(1), F.S., states that:
 Commencing December 1, 1970, all employers withholding contributions required of members under this chapter for purposes of providing retirement benefits and social security benefits to or on behalf of such members shall budget, set aside, and pay over to the administrator, for deposit into the proper retirement and social security trust funds, matching payments for retirement and social security contributions as required by this chapter.
And see s. 121.021(10), supra, which defines "employer" to include "any county agency, branch, department, board. . . ." However, as provided in s. 121.071(3)(a), F.S., no retirement contributions have been collected from members since 1975. See also s.121.061(2)(a), F.S., stating that should any employer other than a state employer fail to make the retirement and social security contributions required by ch. 121, F.S. (both member and employer contributions) then the Department of Revenue or the Department of Banking and Finance, upon request by the director of the Division of Retirement, shall deduct the amount owed by the employer from funds to be distributed by the appropriate department to the county or other designated governmental entity. Cf. AGO 78-159 which distinguishes between the clerk of the circuit court as a fee officer and as a budget officer for purposes of funding any shortfall in the clerk's budget for payment of the retirement and social security contributions required by ch. 121, F.S. Thus an "employer," i.e., a property appraiser or tax collector, is required to "budget, set aside, and pay over to the administrator" retirement and social security contributions as required by ch. 121, F.S. Section 121.061(1), F.S. Cf. s. 129.03(2), F.S., requiring the tax collector (unless the tax collector is a fee officer), among others, to submit to the board of county commissioners a tentative budget for the ensuing fiscal year; s.192.091, F.S., relating to commissions of property appraisers and tax collectors; s. 195.087(1), F.S., requiring a property appraiser to submit a budget for the operation of his or her office for the ensuing fiscal year to the Division of Ad Valorem Tax of the Department of Revenue and at the same time supply a copy of such budget to the board of county commissioners; and s.195.087(2), F.S., stating that a tax collector shall submit his or her budget for the operation of that office to the Department of Revenue.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General